# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DeGERALD ROY WILSON,** | § | |
| | § | **CIVIL ACTION NOS.** |
| **Plaintiff,** | § | |
| **v.** | § | **SA-10-CV-1018 FB** |
| | § | **And** |
| **BEXAR COUNTY HUMAN RESOURCES,** | § | **SA-10-CV-1028 FB** |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

TO:   **Honorable Fred Biery**
      **Chief United States District Judge**

This report and recommendation recommends consolidating the above-styled and numbered cases and dismissing the consolidated case. Previously, the district judge referred to me plaintiff DeGerald Roy Wilson's motions to proceed in forma pauperis (IFP).[1] In considering the motions, I observed that these cases are appropriately dismissed under 28 U.S.C. § 1915(e). Section 1915(e) directs the court to dismiss an IFP proceeding at any time if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted.[2] Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the

---

[1] Docket entries # 1.

[2] 28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Federal Rule of Civil Procedure 12(b)(6)).

Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[3]  Analyzing the

merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an

opportunity to object to the recommendation is a fair process for dismissing a case.

**Wilson is a serial filer of frivolous employment-discrimination lawsuits**.  In 2003,

while living in San Antonio, Wilson attempted to file seven employment-discrimination lawsuits.

Judge Furgeson dismissed each case as frivolous under section 1915(e).[4]  Each case amounted to

nothing more than an allegation that because he applied for a job and was not hired, the

defendant-employer unlawfully discriminated against him.  In 2005, Wilson filed another

frivolous employment-discrimination lawsuit.  In dismissing that case, Judge Rodriguez

characterized Wilson as a "serial filer of employment discrimination lawsuits against any entity

---

[3]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[4]*See* Cause No. 05:03-CA-1015-WRF (an attempt to sue the Texas Attorney General for employment discrimination based on race and gender, because Wilson applied for 17 administrative positions but was not called for an interview; dismissed under section 1915(e) as frivolous); Cause No. 05:03-CA-1016-WRF (an attempt to sue the Texas Workforce Commission for employment discrimination based on race and gender, because he applied for 10 administrative, unemployment insurance customer service rep, and clerk positions and was not hired; dismissed under section 1915(e) as frivolous); Cause No. 05:03-CA-1017-WRF (an attempt to sue the Texas Lottery Commission for employment discrimination based on race and gender, because he applied for two lottery specialist positions but was not called for an interview; dismissed under section 1915(e) as frivolous); Cause No. 05:03-CA-1018-WRF (an attempt to sue the Texas Department of Public Safety for employment discrimination based on race and gender, because he applied for 15 positions but was not hired; dismissed under section 1915(e) as frivolous); Cause No. 05:03-CA-1019-WRF (an attempt to sue KB Homes for employment discrimination based on race and gender, because he applied for a manager trainee position but was not called for an interview; dismissed under section 1915(e) as frivolous); Cause No. 05:03-CA-1020-WRF (an attempt to sue the Texas Guarenteed for employment discrimination based on race and gender, because he applied for 15 positions but was not hired; dismissed under section 1915(e) as frivolous).

for which he is denied employment."[5]  In 2007, Wilson sought to file yet another case.[6]  Judge Furgeson dismissed the case under section 1915(e) as frivolous.

Wilson moved to Houston and continued his pattern of filing frivolous employment-discrimination lawsuits.  In 2009, Wilson attempted to file seven employment-discrimination cases in the Southern District of Texas.  The Southern District responded by using a summary order to dismiss the cases as "devoid of a legitimate basis."[7]  In 2010—after returning to San Antonio—Wilson attempted to file two additional cases in the Southern District.  The Southern District denied Wilson's applications to proceed IFP with a summary letter and closed the cases.[8]  That result did not deter Wilson.  He filed three additional cases in San Antonio.  Judge Primomo

---

[5]*See* Cause No. 05:05-CV-1137-XR (an attempt to sue the Texas Higher Education Coordinating Board for employment discrimination based on race, gender and disability, because he applied for six positions but was not hired; dismissed under section 1915(e) for failing to exhaust administrative remedies and failing to state a claim).

[6]*See* Cause No. 05:06-CV-872-RF (an attempt to sue the Bexar County Civil Service Commission for employment discrimination based on race, age and disability, because he applied for various positions between 2005 and 2006 and was not hired).

[7]*See* Cause No. 04:09-CV-3907 (an attempt to sue Wells Fargo Bank for employment discrimination based on race, gender, and religion, because the bank failed to interview him for positions he applied for beginning in 2000; dismissed under summary order); Cause No. 04:09-CV-3916 (an attempt to sue the Texas Department of Health and Human Services Department based on race, gender, religion and age, and disability because he applied for several positions but had not been hired; dismissed with prejudice for failing to state a claim); Cause No. 4:09-CV-3910 (an attempt to sue Bexar County for employment discrimination based on race, color, religion, gender and age, because he applied for 19 positions and was not hired; dismissed with prejudice for failing to state a claim).

[8]*See* Cause No. 4:10-MC-455 (an attempt to sue the San Antonio Spurs basketball team for employment discrimination based on race, gender, and religion, because he applied for seven positions in 2010 and was not hired); Cause No. 4:10-MC-456 (an attempt to sue the University of Houston for employment discrimination based on race, gender, and religion, because he applied for many positions online and was not hired).

prepared a report in the first case[9] and recommended transferring the case to the Southern

District.  Judge Garcia accepted the recommendation on January 11, 2011 and transferred the

case.

       **These cases are yet additional employment-discrimination lawsuits**.  In Cause No.

05:10-CV-1018 FB, Wilson's proposed complaint mirrors his prior cases.  Wilson named Bexar

County Human Resources as defendant.  He stated that, between February 2010 to October 2010,

he applied for approximately 26 positions with Bexar County and was not hired for a position.

He alleged only that he was not hired based on race, gender, religion, color, age and disability.

The Cause No. 05:10-CV-1028-FB also named Bexar County Human Resources as defendant.

In the proposed complaint, Wilson identified himself as "a current, continual work search

applicant," seeking to ascertain whether Bexar County Human Resources offers a healthy

potential place of employment.  Neither of the complaints states a claim for unlawful

employment discrimination or any other cause of action because neither includes factual

allegations.  The Southern District's summary characterization of Wilson's cases applies here:

> The entirety of Wilson's complaint is that he applied for jobs but was never hired.
> He does not show that he is qualified for the positions.  He does not point to
> anyone who was similarly situated who was (a) treated better than he, and (b) who
> was of another race, color, sex, or religion.  In fact, he does not show that the
> [named defendant] was even aware of his superficial characteristics.  Because the
> complaint contains no indication of discrimination, Wilson has not stated a claim.

Wilson's claims in both cases are frivolous because they lack a basis in fact.  Because the claims

share a common issue of fact—Wilson's quest for employment with Bexar County—the cases

---

     [9]*See* Cause No. 05:10-CV-870-OLG (an attempt to sue the Houston Rockets and
associated defendants for employment discrimination based on race, gender and religion).

are appropriately consolidated under Rule 42.[10]  The claims in both cases should be dismissed under section 1915(e).

In each of Wilson's prior San Antonio cases, a magistrate judge issued a show cause order to develop the details of Wilson's claims, determined that Wilson had no factual basis for his claims, and issued a thorough report explaining why Wilson's claims are frivolous.  Despite thorough explanations, Wilson has continued to file frivolous employment-discrimination cases.  Further explanation will not stop Wilson's perpetual lawsuits.  An appropriate sanction is needed.

**Wilson should be sanctioned for filing these cases because they are frivolous**.  Rule 11 of the Federal Rules of Civil Procedure permits a district court to impose an appropriate sanction on a party who violates that rule.  These cases violate Rule 11 because Wilson's "claims, defenses, and other legal contentions are [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[11]  Wilson should know his claims are not warranted by existing law because he has filed numerous similar cases with the same result recommended here.  Despite thorough explanations by San Antonio magistrate judges, Wilson has continued to file employment-discrimination lawsuits that lack any factual basis.  By doing so, Wilson violated Rule 11 by failing to certify that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [his complaint] is not being presented for any

---

[10]Fed. R. Civ. P. 42(a) (permitting the district court to consolidate cases sharing "a common question of law or fact.").

[11]Fed. R. Civ. P. 11(b)(2).

5

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and that] (2) [his] claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . ."[12]

**The appropriate sanction**.  "A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[13]  Despite thorough explanations by San Antonio magistrate judges about what is required to state a claim for employment discrimination, Wilson has continued to file frivolous lawsuits in this district and in the Southern District.  For this reason, I do not recommend an incremental approach to deter Wilson from filing frivolous employment-discrimination lawsuits. Instead, I recommend a pre-filing injunction.

**A pre-filing injunction is an appropriate sanction**.  "A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation.  A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants."[14]

> In determining whether it should impose a pre-filing injunction or should modify an existing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors:
>
> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for

---

[12]Fed. R. Civ. P. 11 (b).

[13]Fed. R. Civ. P. 11 (c)(4).

[14]*Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008) (internal citations omitted).

pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.[15]

Wilson's history is sufficiently described in this report and recommendation to show that he has filed frivolous employment-discrimination lawsuits since 2003. Wilson's litigation history may be influenced by mental illness,[16] but that history nevertheless reflects no basis for believing that Wilson has acted in good faith basis. Instead, Wilson's litigation history indicates Wilson seeks to harass his named defendants, without any real belief that he will obtain the relief he seeks. So long as Wilson applies for jobs and is not hired, he will file another lawsuit. Only a pre-filing injunction will alleviate the resulting burden on the court and named defendants. Consequently, I recommend enjoining Wilson from filing another lawsuit related to an application for employment without first obtaining a permission from a United States District Judge.

---

[15]*Baum*, 513 F.3d at 189.

[16]In 2008, U.S. Magistrate Judge Frances H. Stacy reviewed the record in Wilson's appeal of a final decision of the Commissioner of the Social Security Administration denying Wilson's application for disability insurance benefits and supplement security income. Magistrate Judge Stacy reported the following:

> Between 2001 and 2004, the physicians diagnosed Wilson with multiple disorders, including a psychotic disorder not otherwise specified and a history of schizophrenia. . . . However, the record reflects no more than moderate functional limitations from the disorders, even when they are amplified by Wilson's history of alcohol, cocaine and cannabis abuse, and the lack of treatment sought by Wilson for the disorders further supports the ruling. . . . As for Wilson's mental impairment, while objective medical evidence shows that he suffers from a psychotic disorder not otherwise specified and a history of schizophrenia, Wilson has sought infrequent relief from his impairments and voluntarily chooses not to take medication which would reduce the impairment. Regardless of this lack of treatment, Wilson has been able to take care of himself, work, perform routine daily activities and succeed in college level courses.

Cause No. 04:08-CV-1392, docket entry # 39, pp. 9 & 11.

**Recommendation**.  For the reasons discussed above, I recommend: (1) CONSOLIDATING Cause No. 05:10-CV-1018 with Cause No. 05:10-CV-1028, (2) DENYING Wilson's motions to proceed IFP in both cases, and (3) DISMISSING the consolidated case under section 1915(e) as frivolous.  To the extent that Wilson may complain about a lack of notice that the court is considering dismissal, Wilson should treat this report and recommendation as notice and respond in accordance with the instructions that follow.

I also recommend ENJOINING Wilson from filing another lawsuit related to an application for employment without first obtaining a permission from a United States District Judge.  Because no motion for sanctions is before the court, Wilson should consider this report and recommendation as notice that the court is considering a pre-filing injunction and respond in writing why this lawsuit does not violate Rule 11.[17]  The failure to object to the recommendation for sanctions may be interpreted as Wilson's admission that his claims are frivolous.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[18]  Such party shall file the objections with the clerk of the court, and serve the objections on all

---

[17]*See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

[18]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[19]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[20]

**SIGNED** on January 21, 2011.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[19]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[20]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).